MEIERHENRY, Justice
(concurring specially).
[¶ 16.] I concur specially. The purchase agreement was signed on March 4, *379 2009. HB 1271 became law March 12, 2009. It was not made retroactive. Thus, the only means of compliance for the secretary of the DOC was to have hearings prior to closing on the property because the purchase agreement had already been signed.
[¶ 17.] Additionally, I agree with Justice Konenkamp’s analysis that the plain meaning of HB 1271 ties the public meetings to the use of revenue bonds to purchase the property. The bill authorized financing of “up to six million dollars of the costs ... through the issuance of revenue bonds.” It further allowed “[t]he Building Authority and Department of Corrections [to] accept, transfer, and expend any property or funds obtained for these purposes from federal sources, gifts, contributions, or any other source, all of which shall be deemed appropriated to the project authorized by this [Bill] in addition to the amounts otherwise authorized by this [Bill].” The bill specifically rejected and denied approval of revenue bonds or other funding mechanisms to fund the purchase of the Elk Yale Road property. Notwithstanding the specific references to other funding mechanisms in the prior sections of HB 1271, the final section only required the public meetings “prior to purchasing any property with the proceeds of the revenue bonds.” Because the public meetings were held prior to the use of revenue bonds to purchase the property, the specific requirements of the enactment were met.